*218 Opivroij op the Court, by
Ch. J. Bovle.
THIS was an .action of ejectm'ént on the demise of lawless against Rees. On the trial in the circuit court, Lawless produced in evidence^ patent from the Com-monwcalth t'b Wijiiara Croghan, and a deed from *219 ■ day t>f ,Croghan to himself, bearing date on 'the June' 1820,‘including the lgnd in controversy.
decree in evidence a-t gamst those? who wore not Parhes
An.answer chancery is ®ain”t the'i-e spondeut, &' afainst his 9w°í fdetL
j¡ut the, ;l(,. minion of execution of felons or tmetion, 0f the exisi of Jcree ¡,age¿ the fact of having been tsetute •
of the genuineness nPrn.™ie unrecorded deed, will ismaiie ofthc execution, of j0‘3’01. ¿es. traction.
1 Rées offé.redin evidence,' the record of a. silit in chancery, brought by Lawless against Croghan^to'obtain a conveyance of the land in controversy, fyifl a copy-of a paper purporting to be a deed• from*Ci$ghan to ham Rhaimer, bearing date the 22d of June,^1796, for thejand in controversy, and other papers, showing de-du.ction of title from Rhaimer to himself; all of which were rejectedSmy the courtj to which Rees eifcépted, and a-verd-ict and judgment having been rendered-against him, he has appealed to this court.
The first question which occurs, is, whetheisjth'e dr-cuibcoart erred in rejecting the record of the suit in chancery, as evidence.. Tfie record consists of the bill filed by Lawless, Crogh.én’s answer,’and the decree that dfroghan should con vey*l$jjí land to Lawless.TheJgU-was evidently not admissible; for it is well set as the allegations of a bill are, in general, the i gestions of counsel, they cannot be taken as true against the complainanjjl And it is equally clear, that - the decree tyas inadmissible; for,.against Rees, who offefeddt ifn evidence, being no party to the suit, the decree cou* not have.been admitted,i'and' the rule is,*that a megt oPd-ecree cannot beévidence in favoi; of any one, against whom it cannoj be used. The ansvfer of ,, Croghan is, no doubt, adif^sible evidence againsthim; and. as Lawless derives title under Croghan subsequent todhe fifing of the answer, it ought, so far as it any admissions or confessions, which are competent to prove any material fact in controversy, to be considered as admissible against Lawless.- In his bill, Lawless derives title through a deed made by Croghan Jo Rhaimer, bearing date the 22d of June 1796, which he alleges was never recorded, and; has been-lost or strayed. Craghan, in his answer, admits the execution of the deed oy him to Rhaimer; but does-áat admit fhat it has been destroyed, í*t is this same deed, under which Rees attempts to deduce title, and, of course, its proof might be material. For this purpose, the admission in Croghan’s an^wep- w^nld be competent, if the deed were without á 'subscribing witness, and its loss or destruction|ufficiently established. But its loss or des-traction is not admitted by Croghan, nOr is there any '>*h^r proof of the fact; and the executiou^óf a deed can *220 never be proved, not evenly the subscribing witness, the best of all evidence for (hat purpose, unless thé.deed be produced, or its absence sufficiently accounted for. This beings then, the only material fact which Croghan’s answer tended to prove, and being incompetent for that purpose, it, as wéll as the bill and decree, were inadmissible, and the whole, record of the suit in chancery, was'properly rejected by the circuit court.
The next question which occurs, relates to the rejection of the copy of the deed from Croghan to Rhaimer. This was not a copy of an enrolled deed, and as such entitled to be read; but a mere copy of a private paper, and, of course, was inadmissible, 1st, because there-was no proof of its being a true copy; 2dly,. because there was no proof of the original, and 3dly, because the losa or destruction of t1ie original, was not proved. The circuit court was correct, therefore, in rejecting it. ‘r
’ respect to the other papers offered in evidence by Rees, for the purpose of deducing a title from Rbaimer to himself, as there was a total failure to show any title in Rhaimer, they were, of course,.properly rejected by the circuit court, on the ground of their irrele-
The judgrcjtnt' affirmed with costs.