# Liberty Nat. Bank & Trust Co. v. Merchant's & Manufacturer's Paint Co.

March 12, 1948.

Rehearing denied April 27, 1948.

Ben F. Washer and Jos. J. Kaplan for appellant.

Lawrence F. Speckman for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

Appellee, Merchant's and Manufacturer's Paint Company, brought this action against the appellant, Liberty National Bank and Trust Company, seeking to restrain appellant from interfering with appellee's use of an old party wall; to be declared the sole owner of the wall and entitled to the exclusive right to the use of it; and damages by reason of the fact that appellant had used the wall since January 1, 1944 for the purpose of advertising.

In its petition appellee, plaintiff below, stated that it is the owner and in possession of certain real estate; that about the year 1840 a three story brick building was erected by its predecessors in title on the described tract of land, and that the building is now occupied and used by the plaintiff as a paint manufacturer; that the south wall of the brick building is entirely on the property of appellee; that appellant, defendant below, claims to be the owner of the real estate immediately joining the property of appellee and that on its land a brick building was constructed more than 100 years ago and remained until sometime between November 1, 1943, and February 1, 1944 when appellant tore down the building on its property; that the building of appellant was without any north wall but the floor, joists, and roof rafters of the building rested into and upon the south brick wall of the building owned by appellee; and that the south wall of appellee's building was used from the time of its erection until appellant removed its building as a party wall.

It was further alleged that the use of the wall as a party wall by the appellant and its predecessors in title

was permissive and without consideration and had no basis in contract either express or implied; and that since the removing of the building from the premises appellant has abandoned the use of the wall owned entirely by the plaintiff and has announced its intention to use its premises as a parking lot or space for the convenience of its customers. It was alleged that appellant by its acts and statements is claiming the wall owned by the plaintiff as its property and threatening to, and is attempting to, interfere with the plaintiff below in the use of the wall for painted advertising signs.

It was further alleged that the defendant has trespassed upon the property of the plaintiff by its acts in painting signs and interfering with plaintiff's use thereof since January 1, 1944, and that the rental space for advertising purposes is reasonably worth the sum of $50 per month, and prayed damages against appellant in that sum.

After demurrer to petition was overruled the defendant below, appellant here, filed its answer wherein it denied the allegations of the petition and affirmatively alleged one-half ownership of the party wall. It also alleged that during the years 1839-1840 the property alleged to belong to the plaintiff below was owned, and in possession of, Ariss Throckmorton and Isaac Everett, and that the property of the defendant, which is contiguous to the property of the plaintiff, was owned by a Mr. William Bull; that the buildings and improvements on the property of each of the respective parties, that is Throckmorton and Everett on one side, and Bull on the other, were constructed simultaneously consisting of a three story building with stores on the ground floor and with uniform ground levels; that the wall between the property owned by Throckmorton and the property owned by Bull was constructed as a party wall and upon the line between the two lots owned by the respective parties; that the wall so constructed continued as a party wall for more than 100 years; that the property alleged to belong to the plaintiff has come into the ownership and possession of the plaintiff through mesne conveyances from Throckmorton and Everett; and that the property now belonging to the defendant has by mesne conveyances come to the defendant from William Bull.

Defendant alleged that on or about May 19, 1840, Throckmorton and Everett instituted an action in the Louisville Chancery Court of Jefferson County, in which action Throckmorton and Everett as complainants alleged: "They state that said party wall was put on the line between their ground and the adjoining lot stated to belong to said Bull, that it is about 95 feet long and that the house on said adjoining lot is a brick storehouse and was carried up at the same with said party wall."

Plaintiff below demurred to Paragraphs 1 and 2 of the answer of the defendant, and the court overruled this demurrer and held that proof should be introduced before the rights of the parties could be determined. Proof was then taken and the cause submitted. The court ordered that a mandatory injunction issue against Liberty National Bank and Trust Company requiring it to remove the signs theretofore placed upon the south wall of the plaintiff's buildings, and restrained the defendant from interfering with the plaintiff's use of the wall for the purpose of painting signs thereon; adjudged the plaintiff to be the sole owner of the wall and entitled to the exclusive right to use of same; and further adjudged that it recover of the defendant the sum of $5 per month as damages from January 1, 1944, until the signs are removed by the defendant. The defendant prosecutes this appeal. The plaintiff complaining of the smallness of the damages adjudged, cross-appeal insisting that it should recover $50 per month as damages.

It will be readily seen that a determination of the question of ownership of the wall determines the rights of the parties. If the use of the wall in question was merely permissive, then when the building was razed all rights under it expired. If, on the other hand, by agreement the wall was erected as a party wall and owned by both parties, then appellant is right in its contention and must prevail.

As stated above, appellant contends the wall to be jointly owned, and that once ownership is established user by prescription does not enter into the picture. It is pointed out that a party wall may be established or created by contract, express or implied, by user or prescription, by statute, or by the effect of the conveyance of one or both of two adjoining tracts of land.

To establish that the wall in question was built pursuant to agreement on the property line as then established, each owner to pay one-half of the expenses, appellant relies on the declaration as evidenced by the suit brought by Throckmorton and Everett against Bull in 1840. Appellant contends that this action clearly shows that the wall was built in 1839 at joint expense as stated by Throckmorton and Everett in their petition. Appellant takes the position that since the petition clearly establishes an agreement to erect this party wall on the party line, ownership once there established cannot be divested except by agreement. It is insisted further that when the Paint Company purchased its lot it is presumed to have known of the nature, location and ownership of this party wall, especially so in light of the fact that the deed to the Merchant's & Manufacturer's Paint Company contains this clause: "This conveyance is subject to the present lease which expires September 30, 1937, and subject to restrictions of record, easements and party walls presently existing affecting said property."

However, we might say that we do not attach the significance to this clause that appellant does since this reference subject to "easements and party walls" might also mean subject to permissive use or any prescriptive use attached therein.

The cited case of Bright v. Bacon & Sons, 131 Ky. 848, 116 S. W. 268, 269, 20 L. R. A., N. S., 386, is enlightening in its distinguishment between rights arising by reason of prescription and rights arising by reason of agreement, express or implied. In that case we said: "We think the cases are really divisible into two great bodies: One where the right is purely prescriptive; the other where it is clearly the subject of agreement, express or implied. If two owners build a party wall for their common use, it is not accurate to say ever that their rights in the wall depend in any sense upon prescription. It is then a matter of agreement solely— agreement expressed or implied. We can lay to one side the subject of express agreement, as that is not here. It is not to be presumed that men build party walls, or that either one of them would build one-half, or any part, upon the adjoining lots, the walls designated to be used, and actually used, by each adjoining owner, with-

out some kind of an understanding between them as to their respective rights in the wall. * * * There is no state of case that we can imagine where one owner builds a wall astraddle of the dividing line between his and his neighbor's lot, designed to be a party wall for the buildings upon each lot, and which is accepted and adopted by the other party thereafter, where the doctrine of prescription can logically enter into the case. The matter then becomes always a question of agreement, express or implied. If express, its terms control. If not express, then it must be implied, like all other implied agreements, that the parties mutually understood and assented that a fair equivalent was to be rendered by the one for the benefits conferred upon him by the other.''

It follows then if the wall was built pursuant to an agreement, express or implied, and the wall is jointly owned, the title then to one-half is not subject to any devise of waiver or abandonment. Appellee insists that the statements in the petition by Throckmorton and Everett were self-serving and therefore inadmissible. Appellant contends that they are admissible against appellee. In 20 Am. Jur., Evidence, Sec. 607, the general law is stated thus: ''As to the subject matter of the proof, declarations of a former owner are admitted against his successor in interest in respect of any issue of title, ownership, or possession that may be proved by parol evidence—such as the nature, character, and extent of the declarant's possession, the identity or location of boundaries and monuments described in a deed, or any material matter concerning the physical condition or use of the property.''

In Ring v. Gray, 45 Ky. 368, 6 B. Mon. 368, dealing with the introduction of a court record on the question of admissibility, the court said: ''The statements of a vendor in regard to his title and the manner in which he held, made before sale, but afterwards, may be used against his vendee.''

Suppose Throckmorton and Everett were yet living and owned the property now owned by appellee, and they had brought this action against appellant. Certainly the declaration made in their petition would be admissible against them.

In the case of Rees v. Lawless, 14 Ky. 218, 4 Litt. 218, in determining also the admissibility of a court record, the court said: "The answer of Croghan is, no doubt, admissible evidence against him; and as Lawless derives title under Croghan subsequent to the filing of the answer, it ought, so far as it contains any admissions or confessions, which are competent to prove any material fact in controversy, to be considered as admissible against Lawless."

Appellee seems to base its most serious contention upon the fact that under the present survey the wall is located within the lines of appellee's land. Admittedly this fact is not without some significance. This survey was made more than 100 years after title had vested in the parties. Attention is called to the fact that there have been considerable discrepancies between the surveys of 100 years ago and now. The impressive fact is that over 100 years ago, according to Throckmorton and Everett, "said party wall was put on the line between their ground and the adjoining lot" and was placed where the owners of the adjoining properties thought and believed the line to be.

In Hotze v. Ring, 273 Ky. 48, 115 S. W. 2d 311, we said: "The text in 8 Am. Jr., page 797, sec. 72, says: "It is well settled that where the boundary lines of adjoining landowners are not definitely known or their location is in dispute, such owners may establish the lines either by a written or by a parol agreement; such boundary lines may also be established by their mutual recognition of, and acquiescence in, certain lines as the true boundary lines, the courts being reluctant to interfere therewith after the lines have been permitted to exist over such a period of time that satisfactory proof of the true lines is difficult.' * * * 'It is well established that if adjoining landowners occupy their respective premises up to a certain line which they mutually recognize and acquiesce in for a long period of time—usually the time prescribed by the statute of limitations—they are precluded from claiming that the boundary line thus recognized and acquiesced in is not the true one. In other words, such recognition of, and acquiescence in, a line as the true boundary line, if continued for a sufficient length of time, will afford a conclusive presump-

tion that the line thus acquiesced in is the true boundary line.' "

Proper consideration requires us to take into account a fact in itself highly indicative of agreement under which the party wall was erected. We think the owners of these adjoining properties in 1839 erected this party wall on what they believed to be the line between their properties. We, therefore, conclude that appellant owns a one-half undivided interest in fee in the wall not subject to any device of abandonment or waiver.

Thus concluding, the matter of damage as raised on the cross-appeal must fail, and the cross-appeal is consequently dismissed. The judgment is reversed on the direct appeal with directions to enter judgment in conformity herewith.